Memorandum.
The two parcels involved in this proceeding, located on opposite sides of the same street in Brooklyn, were bought together for $820,000 by separate partnerships which were composed of the same persons. To each of the two parcels a portion of the total purchase price was allocated by appellants following in close ratio the respective assessments, rent rolls, prior sales, total mortgages and number of apartments. The allocation of the purchase price to each property, therefore, did not warrant the Rejection by the Administrator of the apportioned purchase price and the substitution of the assessed *677 values under subdivision g ([1], [a], [1], [ii]) of section Y51-5.0 of the New York City Administrative Code. This statute provides in substance that the Administrator may use a bona fide sale rather than the assessed value as a base for a rent determination if the bona fide sale is, among other things, on normal financing terms ‘‘ unaffected by special circumstances such as * * * [a] package deal”. This, of course, must be read reasonably. A package deal may not be normal financing as to a given unit even though the purchase of the total entity may be normal financing. The situation shown in Matter of Perlman v. Herman (13 A D 2d 55) is one illustration. There the court determined from the record that the allocation of values did not represent a fair amount although the total deal may have represented a fair amount. But the undisputed evidence in the present case shows the allocation of a total fair price to be consistent with the total. In such a situation a fair allocation of a bona fide purchase with a normal financing should be treated in the same manner as separate purchases of the parcels at the allocated prices.
The appeal before us is from the order of the Appellate Division, dated May 11, 1967, and on that appeal a prior non-final order of the Appellate Division which affects the final result is brought up for review pursuant to CPLR, 5601 (subd. [d]).
The order of the Appellate Division, dated May 11, 1967, •should be reversed and the initial judgments of Special Term entered November 29, 1963 should be reinstated.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Order reversed, with costs, and the November 29, 1963 judgments of Special Term reinstated in a memorandum.